UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONEIL EDWARDS,

                     Plaintiff,

       -against-

THE CITY OF NEW YORK, WARDEN, OTIS BANTUM CORR. FACILITY, and MAINTENANCE SUPERVISOR, OTIS BANTUM CORR. FACILITY,

                     Defendants.

**MEMORANDUM OPINION AND ORDER**

08 Civ. 05787 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, pro se Plaintiff Oneil Edwards claims that his state and federal constitutional rights were violated when he sustained an injury after slipping on a wet floor during his incarceration at Otis Bantum Correctional Facility ("Otis Bantum"). (Cmplt. ¶¶ 12-14) The defendants have moved to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' motion (Docket No. 9) is GRANTED, and Plaintiff's request for appointment of counsel (Docket No. 14) is DENIED.

**DISCUSSION**

        "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1949 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). To meet this standard, the factual allegations must permit the Court, "draw[ing] on its judicial experience and common sense," "to infer more than the mere possibility of misconduct." Id. at 1950.

Because Plaintiff is proceeding pro se, the Court construes the complaint liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), "interpret[ing] it to raise the strongest arguments that it suggests," Harris v. Westchester County Department of Corrections, No. 06-Civ.-2011(RJS), 2008 WL 953616, at *2 (S.D.N.Y. Apr. 3, 2008) (internal quotation omitted).  As in any other case, however, the Court accepts as true only the allegations that contain factual matter, and does not accept as true the allegations that merely state legal conclusions.  Harris, 572 F.3d at 72, quoting Iqbal, 129 S.Ct. at 1949 ("[T]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief].").

I.      **FACTS**

For the purpose of deciding Defendants' motion to dismiss, the Court assumes that the following factual allegations in the Complaint are true:  On October 13, 2005, at approximately 8:15 a.m., Plaintiff slipped and fell while he was being escorted with a group to Social Services by Officer Flynn.  (Cmplt. ¶ 12)  Plaintiff fell at some point in the hallway between the indoor gym and the commissary doorway on a wet floor caused by a leak in an exposed ceiling.  (Id.)  The wet floor was not visible to Plaintiff, to Officer Flynn, or to the other inmates in the group, and there were no warning signs concerning the exposed ceiling or the wet floor.  (Id.)  As a result of his fall, Plaintiff sustained the injuries described in the medical and mental health records attached to the Complaint.[1]  (Id.)

---

[1] The medical records are difficult to read, and the Court cannot discern the precise nature of Plaintiff's alleged injuries.  However, based on an "Injury to Inmate Report" dated October 13, 2005, it appears that Plaintiff suffered pain in his right hip.  (See Ex. A, "Injury to Inmate Report")  The report states that Plaintiff was to be returned to the housing area, and was not referred to a hospital.  Id.  Notes from a medical examination

Plaintiff also alleges that Otis Bantum's Warden "was well aware of the exposed leaking roof and ceiling due to it is policy that the warden make institutional security rounds of said facility on a daily basis," and that Otis Bantum's Maintenance Supervisor "was on October 13, 2005 on or about 8:15 a.m. at said facility aware of the exposed leaking ceiling." (Id. ¶¶ 16-17)

## II.  PLAINTIFF HAS FAILED TO STATE A SECTION 1983 CLAIM AGAINST THE INDIVIDUAL DEFENDANTS

Plaintiff asserts a claim under 42 U.S.C. § 1983 based on allegations that the individual defendants – Otis Bantum's Warden and Maintenance Supervisor – violated his state and federal constitutional rights "to be free from harm" during imprisonment by failing to remedy or provide warning signs for the wet hallway floor on which he slipped and fell. (Cmplt. ¶¶ 13, 16, 17)  To prevail on his claim against the individual defendants under 42 U.S.C. § 1983, Plaintiff must show:  (1) that the defendants "were acting under color of state law;" and (2) that "their actions deprived the plaintiff of a right guaranteed by the constitution or laws of the United States."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

Here, Plaintiff attempts to establish the second element of his Section 1983 claim by alleging that the individual defendants violated the Eighth Amendment of the United States Constitution.  (Cmplt. ¶¶ 16-17)  Because Plaintiff does not state in his Complaint whether he was a pre-trial detainee at the time of his injury, it is not clear whether his claims are properly asserted under the Eighth Amendment – which would apply if he was not a pre-trial detainee – or the Fourteenth Amendment – which would

---

on April 17, 2006 state that Plaintiff was still experiencing back pain as of April 17, 2006.  (Ex. A, page 11)

3

apply if he was a pre-trial detainee.[2]  See Bryant, 923 F.3d at 983 (because prisoner was pre-trial detainee, her claim was "properly analyzed under the Due Process Clause of the Fourteenth Amendment" rather than under the Eighth Amendment).  Regardless of which Amendment applies, however, Plaintiff's allegations are insufficient to establish the second element of his Section 1983 claim.

The Supreme Court has held that allegations of negligence by prison officials will not support a claim under either the Eighth Amendment or the Fourteenth Amendment.  County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process [guaranteed by the Fourteenth Amendment.]"); Farmer v. Brennan, 511 U.S. 825, 836 (1994) (in an Eighth Amendment case, the plaintiff must show that the prison officials engaged in conduct that is "the equivalent of recklessly disregarding" a substantial risk of harm); Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause [of the Fourteenth Amendment] is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property."); see also Bryant, 923 F.2d at 984 (rejecting Section 1983 claim brought by pre-trial detainee and explaining that "mere negligence is insufficient to state a viable claim" against "defendants in their individual capacities under § 1983").

Courts considering claims such as Plaintiff's have routinely found that similar allegations – i.e., allegations of wet floor conditions that caused a prisoner to slip

---

[2] Defendants state in their memorandum of law that it is likely that Plaintiff was a pre-trial detainee at the time he was injured.  (Def. Br. at 4 n.3)

4

and fall – at most support a finding of simple negligence, and therefore do not support a claim that either the Eighth Amendment or Fourteenth Amendment was violated. See Jennings v. Horn, No. 05-Civ.-9435(SAS), 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) (granting summary judgment against plaintiff who alleged that he was injured when he slipped on wet floor as pre-trial detainee because, inter alia, "slippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution"); Heredia v. Doe, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (dismissing prisoner's Section 1983 claim based on allegation that he "slipped and fell while walking to his cell" on the ground that "the pleadings fail to state facts which constitute anything more than a claim for negligence, for which there is no cause of action under 42 U.S.C. § 1983"); Sylla v. City of New York, No. 04-Civ.-5691(ILG), 2005 WL 3336460, at **3-5 (E.D.N.Y. Dec. 8, 2005) (allegations that plaintiff slipped after being directed to use bathroom with wet floor did not state claim under Eighth Amendment or Fourteenth Amendment). See also Daniel, 474 U.S. at 329-33 (holding that prisoner did not state a Fourteenth Amendment claim based on allegations that he was injured when he tripped on a pillow that prison custodians negligently left on the prison stairs).

Moreover, courts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where, as here, the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it.[3] E.g., Graham v. Poole, 476 F. Supp.2d 257, 260 (W.D.N.Y 2007) (in case concerning

---

[3] Courts have allowed claims to proceed beyond a motion to dismiss in cases where pre-trial detainees alleged that harmful environmental conditions had been extant for a lengthy period of time or had repeatedly complained of a harmful condition to no avail. The Second Circuit has explained that in such cases the deliberate indifference that is

5

prisoner slip-and-fall claim, holding that "[a]lthough plaintiff alleges that defendants were aware of the dangerous condition of the shower floor and failed to rectify it, that amounts to nothing more than negligence, and is not enough to establish an Eighth Amendment claim"); Davis v. Reilly, 324 F. Supp. 2d 361, 367 (E.D.N.Y. 2004) (holding that even if the individual defendant "had notice of wet floors outside the shower area prior to the plaintiff's slip and fall," the alleged "failure to provide shower mats [to remedy the situation] does not rise to the level of a constitutional violation within the meaning of Section 1983 and . . . thus is not actionable").

Because Plaintiff's allegations at most permit the inference that his injury was caused by the negligence of the individual defendants, they are insufficient to establish the violation of a constitutional right. Therefore, Plaintiff's claims against the individual defendants are dismissed.

### III.     PLAINTIFF HAS FAILED TO STATE A SECTION 1983 CLAIM AGAINST THE CITY OF NEW YORK

To state a claim against the City of New York, Plaintiff must plead facts making it plausible to believe that: "(1) an official policy or custom . . . (2) cause[d] the

---

required to state a constitutional claim "may generally be presumed from an absence of reasonable care" and can be proven by a showing of "actual or imminent substantial harm." Benjamin v. Fraser, 343 F.3d 35, 50-51 (2d Cir. 2003) (discussing applicable standard in case concerning pre-trial detainees' assertion of a "protracted failure to provide safe prison conditions" (emphasis in original)); see also  Harris, 2008 WL 953616, at *6 (denying motion to dismiss Section 1983 claim based on allegations that plaintiff, as a pre-trial detainee, had "repeatedly notified" prison employees that his cell ceiling leaked, creating a puddle that caused him to slip and fall, "but his complaints ha[d] been ignored" (emphasis added)).  In this case, however, Plaintiff does not allege that the wet floor was a longstanding condition or that prison officials had repeatedly been notified of the condition but failed to take remedial action.  Therefore, the Court need not consider whether Plaintiff has stated a claim under the standard set forth in Benjamin v. Fraser.

plaintiff to be subjected to (3) a denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995); see also Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978) (declaring that § 1983 "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights"). Plaintiff has failed to state a claim against the City of New York because, as explained above, his allegations are insufficient to establish the third element of such a claim – i.e., that he was denied a constitutional right. (See supra pp. 4-6) Moreover, Plaintiff has not alleged any facts that make it plausible to believe that his injuries were caused by an official policy or custom of the City of New York. See Iqbal, 129 S.Ct. at 1949 (conclusory allegations of elements of claim are insufficient; plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation omitted)).

## IV.  PLAINTIFF'S OTHER CLAIMS MUST BE DISMISSED

In addition to 42 U.S.C. § 1983, the Complaint also cites 42 U.S.C. § 1985 and 42 U.S.C. § 1988. (Cmplt. ¶ 1) Section 1985 "prohibits conspiracy to interfere with civil rights." Sylla, 2005 WL 3336460, at *7. To the extent Plaintiff asserts a claim under Section 1985, it must be dismissed because Plaintiff "has failed to allege . . . facts supporting an inference that there was any agreement between any of the defendants to violate his constitutional rights." Id. Section 1988, which permits the recovery of attorneys' fees in actions brought pursuant to Section 1983, "does not provide [an independent] cause of action." Id. at *8.

Plaintiff also purports to assert claims under the laws and constitution of New York State. (Cmplt. ¶ 1) Because the Court has determined that Plaintiff's federal claims must be dismissed, the Court need not exercise jurisdiction over the state law

7

claims unless "several related factors – judicial economy, convenience, fairness, and comity" – weigh in favor of doing so.  Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004).  "[I]n the usual case in which all federal-law claims are eliminated before trial, . . . [these factors] will point toward declining to exercise jurisdiction over the remaining state law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.4, 108 S.Ct. 614, 619 n.4 (1988).  The Court finds no reason to deviate from the usual rule here, and therefore dismisses Plaintiff's state law claims.  See Sylla, 2005 WL 3336460, at *8 (dismissing state law claims relating to prisoner's slip-and-fall injury after finding that prisoner had failed to state a claim under federal law).

### V.    LEAVE TO AMEND THE COMPLAINT

The Second Circuit has held that a district court "should not dismiss [a pro se plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation omitted).  Although the Complaint does not necessarily indicate that Plaintiff might be able to state a valid claim, the Court will nonetheless give Plaintiff an opportunity to present a proposed amended complaint.

### VI.   PLAINTIFF'S REQUEST FOR COUNSEL

Plaintiff has also requested that the Court arrange for counsel to represent him (Docket No. 14).  In deciding whether to grant such a request in a civil case, the Court must consider "the merits of [P]laintiff's case, . . . [P]laintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and . . . [P]laintiff's ability to gather the facts and deal with the issues if unassisted by counsel."  Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); see also Hodge v. Police

Officers, 802 F.2d 58, 61 (2d Cir. 1986) (stating that "the district judge should first determine whether the [plaintiff's] position seems likely to be of substance," and should also consider whether substantial factual investigation will be required).

At this time, Plaintiff has not demonstrated that he is able to state a claim. In addition, the case does not appear to present complex factual or legal issues that might warrant appointing counsel. Therefore, Plaintiff's request is denied without prejudice. If Plaintiff moves to amend his complaint and the motion is granted, the Court will reconsider Plaintiff's request without further action by Plaintiff.

## **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss (Docket No. 9) is GRANTED, and the Complaint is dismissed without prejudice to Plaintiff seeking leave to file an amended complaint on or before September 30, 2009. Plaintiff's request to appoint counsel (Docket No. 14) is DENIED, but will be reconsidered without further action by Plaintiff if the litigation proceeds.

Plaintiff is hereby given notice that this action will be dismissed with prejudice unless he: (1) files and serves a motion to amend the Complaint, with a copy of his proposed amended complaint attached as an exhibit to the motion, no later than September 30, 2009; or (2) files and serves an affidavit no later than September 30, 2009 showing that he should be given more time to file his motion to amend the complaint. Plaintiff should contact the Court's Pro Se Office (telephone number: (212) 805-0175) for assistance with procedural matters.

The Clerk of the Court is directed to terminate Plaintiff's motions (Docket No. 9 and Docket No. 14) and to send a copy of this order to Plaintiff at the following

9

address: Oneil Edwards (# 07-A-4818), Orleans Correctional Facility, 3531 Gaines Basin Road, Albion, New York, 14411.

Dated: New York, New York         SO ORDERED.
       August 24, 2009

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge